UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------
In re

     WALTER & GENEVA JOHNSON               05-13945 B

              Debtor
---------------------------------------------------

              Peter D. Grubea, Esq.
              482 Delaware Avenue
              Buffalo, New York 14202
              Attorney for Debtors

              Albert J. Mogavero, Esq.
              110 Pearl Street, 6th Floor
              Buffalo, New York 14202
              Chapter 13 Trustee

Bucki, U.S.B.J.

     The present dispute involves the level of proof that may be required to support an application for a supplemental fee allowance to the debtor's attorney in a Chapter 13 case.

     Walter and Geneva Johnson filed a petition for relief under Chapter 13 of the Bankruptcy Code on May 7, 2005. A first meeting of creditors was then scheduled for July 5, with a confirmation hearing to be held immediately thereafter.[1] At that hearing, the court determined that as a condition for confirmation, the debtor would need to move for the avoidance of a lien and to resolve an objection filed by the Internal Revenue Service. Accordingly, the confirmation hearing was adjourned to August 17. By that date, the debtor still had not resolved the outstanding tax dispute. Because no one had yet moved to dismiss the Chapter 13 proceeding, however, the court merely adjourned the confirmation again to September 14. By way of a motion returnable at the time of the second adjourned hearing on confirmation, the trustee sought to dismiss the case for failure to prosecute. In addition, the trustee asked that fees payable to the

---

[1]Prior to October 17, 2005, 11 U.S.C. §1324 permitted the confirmation hearing to be held on the same day as the meeting of creditors, even without any special determination by the court.

debtor's attorney be reduced, "unless the debtor's attorney can establish to the Court's satisfaction that the reason for the delays in this case are attributable only to the debtor or other factors beyond the attorney's control."

Prior to the hearing on September 14, the Internal Revenue Service withdrew its objection to confirmation. The trustee then withdrew both the motion to dismiss and the request for a reduction of fees. Accordingly, the court confirmed the debtor's plan. Meanwhile, the debtor's attorney moved for an additional allowance in the amount of $150, to compensate counsel "for the two necessary adjournments in this case, as well as the time required to respond" to the trustee's motion for a reduction of fees. The Chapter 13 trustee objects strongly to this request for an additional allowance.

In most Chapter 13 cases, this court will not require the attorneys for a debtor to submit time records relative to their services. Rather, as a general rule, the court relies upon the recommendation of the trustee and upon the court's understandings about the normal and customary costs of representation. In the present instance, the debtor's attorney originally sought fees in the amount of $1,600. In the absence of any objection, this sum falls within the upper range of what the court has deemed to be reasonable. Although this court has never set an absolute limit on legal fees in a Chapter 13 proceeding, I have always scrutinized an atypically high request for fee allowances, particularly in the context of objection from the trustee. When such scrutiny is required, a fair consideration of the fee request is possible only upon a review of time records of services rendered throughout the case.

Entitlement to an additional fee depends not only upon the performance of an unexpected legal task, but also upon the totality of all services rendered. Thus, the mere delivery of extra services will not necessarily justify additional fees, where the total compensation package is otherwise reasonable. The court appreciates that when counsel customarily charges a fixed fee, some particular cases may demand less work

than other particular cases.  In as much as frequent practitioners expect to retain a greater return in the easier cases, they should not expect extraordinary compensation in any but the truly extraordinary case.

The nature of Chapter 13 practice is such that it demands intensive communication with clients, creditors, and the trustee.  For attorneys like the applicant who maintain a large Chapter 13 practice, the presentation of case-specific time records may be cumbersome and time consuming in itself.  For this reason, the court will generally allow flat fees that fall within an acceptable range.  Of course, if attorneys prefer, they may chose to submit time records for the services rendered in each of the cases for which they provide representation.

In the present instance, I accept the position of the Chapter 13 trustee that the originally reported fee of $1,600 appears to be reasonable for customary services in a chapter 13, and that those customary services would typically include the additional work that the debtor's counsel provided in the present instance.  However, the court is also willing to consider any supplemental fee request, if supported by the time records of counsel. Accordingly, the debtor's application for additional fees is denied, but without prejudice for renewal upon a submission of time records for all of the services performed in this case.

So ordered.

Dated:        Buffalo, New York                    /s/   CARL L. BUCKI
              October 7, 2005                            U.S.B.J.